**FILED**

**June 29, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:15 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Mark Tidman, | ) | Docket No.: 2015-06-0605 |
|     Employee, | ) | |
| v. | ) | State File No.: 17035-2015 |
| Frontier Logistical Services, | ) | |
|     Employer, | ) | Chief Judge Kenneth M. Switzer |
| And | ) | |
| Federated Mutual Ins. Co., | ) | |
|     Carrier. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

This matter came before the Court upon the Motion for Summary Judgment filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure by the employer, Frontier Logistical Services (Frontier). For the reasons set for the below, Frontier is entitled to summary judgment.

### Procedural History

This vigorously contested case has been the subject of extensive discovery and motion practice. The summary below highlights only the events relative to the Motion for Summary Judgment.

Mr. Tidman filed a Petition for Benefit Determination seeking medical and temporary disability benefits relative to a "repetitive work injury around tankers on August 25 2014 to September 08 2014." Frontier denied the claim. The mediating specialist filed a Dispute Certification Notice, and Mr. Tidman ultimately filed a Request for Expedited Hearing. Frontier filed a Motion to Dismiss the claim in its entirety contemporaneous to a Motion to Deny the Request for Expedited Hearing. By Order dated April 27, 2016, this Court denied Mr. Tidman's Request for Expedited Hearing due to his failure to file an accompanying affidavit under Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(a) (2015). The same Order denied Frontier's Motion to Dismiss.

1

On May 24, 2016, Frontier filed a Motion for Summary Judgment, along with a Memorandum of Law in support of it; a Statement of Undisputed Material Facts; a Request for Admissions; and a copy of Rule 56, Tennessee Rules of Civil Procedure. Mr. Tidman did not file a response. A hearing on the motion is scheduled for June 30, 2016.

## Findings of Fact and Conclusions of Law

Tennessee Code Annotated 50-6-239(c)(1) (2015) provides that proceedings at all hearings in the Court of Workers' Compensation Claims are governed by the Rules of Civil Procedure. Motions for summary judgment are governed by Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial."

Rule 56.03 further requires any party opposing the motion for summary judgment must, "not later than five days before the hearing," serve and file a response to each fact set forth by the movant, and that such response shall be filed with the papers in opposition to the motion for summary judgment. The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

Rule 56.06 states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

(Emphasis added). The Court of Appeals affirmed a trial court's grant of summary judgment where the non-moving party failed to file a response. *Williams v. Little*, No. M2008-02105-COA-R3-CV, 2009 Tenn. App. LEXIS 703, at *6 (Tenn. Ct. App. Oct. 20, 2009).

Here, Frontier fully complied with Rule 56's requirements with its moving papers, including a copy of Rule 56 so that Mr. Tidman would be on notice as to its provisions regarding how to respond and when. The hearing is scheduled for June 30, 2016. Computing time as required under Tennessee Rule of Civil Procedure 6.01, Mr. Tidman's response was due no later than Thursday, June 23, 2016. He failed to file a response. By the plain language of Rule 56.06, this Court must enter judgment against him.

2

**IT IS, THEREFORE, ORDERED** as follows:

1. Frontier's Motion for Summary Judgment is granted. Mr. Tidman's claim against Frontier and its workers' compensation carrier for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling. The June 30, 2016 summary judgment hearing is cancelled.

2. The filing fee of $150.00 for this this cause is taxed to Frontier under Rule 0800-02-21-.07 of the Mediation and Hearing Procedures, for which execution may issue, as necessary.

**ENTERED this the 29th day of June, 2016.**

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying

the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty (30) calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

4

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Granting Summary Judgment was sent to the following recipients by the following methods of service on this the 29th day of June, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Mark Tidman, self-represented | X | | X | mark_tidman@yahoo.com |
| D. Brett Burrow, Employer's attorney | | | X | bburrow@burrowlee.com; tbrasher@burrowlee.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5